IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROSCOE CHAMBERS, )
)
                Petitioner, )
)
v. )    Case No. 24-3130-JWL
)
C. CARTER, Warden, FCI-Leavenworth, )
)
                Respondent. )
)
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **denies** the petition.

Petitioner was originally convicted of federal drug crimes in 2013 in the United States District Court for the Southern District of Iowa, which court subsequently denied multiple motions under 28 U.S.C. § 2255. In 2021, that court granted petitioner compassionate release and imposed a period of supervised release; but on three separate occasions, the Iowa court has revoked petitioner's supervised release and imposed a term of imprisonment. After the latest revocation in September 2023, the Iowa court sentenced petitioner to a term of imprisonment of 24 months and an eight-year term of supervised release, which sentence the Eighth Circuit affirmed. On February 8, 2024, the Iowa court denied motions by which petitioner sought the district judge's disqualification and challenged the court's jurisdiction, and the Eighth Circuit affirmed those decisions in April

2024. Petitioner is presently confined at the federal prison in Leavenworth, Kansas, within this judicial district.

Petitioner's litigation history also includes two previous habeas actions under 28 U.S.C. § 2241 filed in this Court. In the first, petitioner challenged the legality of his sentence upon revocation of his supervised release. The Court dismissed the petition because petitioner was improperly challenging his sentence by petition under Section 2241 (in this Court) instead of by motion under Section 2255 (in his sentencing court), and he had not shown that his remedy under Section 2255 was "inadequate or ineffective;" and the Tenth Circuit subsequently affirmed that dismissal. *See Chambers v. United States*, No. 22-3137, 2022 WL 2527893 (D. Kan. July 7, 2022) (Lungstrum, J.), *aff'd*, 2022 WL 4127199 (10th Cir. Sept. 12, 2022) (unpub. op.). In the second habeas case, petitioner again stated that he was challenging his conviction and sentence, and this Court dismissed the petition for essentially the same reasons as before. *See Chambers v. Carter*, No. 24-3094, 2024 WL 3279017 (D. Kan. June 24, 2024) (Lungstrum, J.). Petitioner did not appeal that dismissal.

Petitioner initiated the present case by filing a third habeas petition, in which he raises various issues relating to the administration of this sentence by the Bureau of Prisons (BOP). Respondent has filed an answer to the petition, and petitioner has filed a reply brief in support of the petition, and the matter is therefore ripe for ruling.

As an initial matter, the Court agrees with respondent that petitioner has failed to exhaust his administrative remedies as required. *See Garza v. Davis*, 596 F.3d 1198, 1203-04 (10th Cir. 2010) (prerequisite for habeas relief is exhaustion of administrative remedies,

including completion of the BOP's four-step process).  Petitioner does not dispute that he has not completed that process with respect to his present claims.  "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* at 1203.  Petitioner claims that he "tried to file" a BP-10 appeal (the fourth step in the process) in July 2024, and he states that the administrative process is not available to him.  Petitioner has not disputed respondent's evidence, however, that he did not file the necessary appeals with respect to these claims.  Nor has he disputed the evidence that he has managed to file numerous appeals (on BP-10 forms) raising other issues.  Petitioner has not shown that he could not have completed the administrative process with respect to these claims, and thus the petition is subject to dismissal for failure to exhaust.

Moreover, petitioner's claims lack merit, and the Court therefore denies the petition on that basis.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (unexhausted habeas claims may be denied on the merits).  The Court addresses petitioner's claims in turn.

First, the Court notes that in his reply brief, petitioner has again raised issues relating to his conviction and sentence, in arguing that he is illegally in prison because the Government did not show that he escaped (one basis for his revocation judgment), and that he should not have received an eight-year term of supervised release.  Once again, to the extent that petitioner is trying to challenge his conviction or sentence, such claims may not be raised in this action, as explained in the prior cases in this Court.

Second, petitioner appears to claim that he should not have been assessed points for any escapes by the BOP for purposes of a security classification.  The Court denies any

3

such claim. Petitioner has not explained how those points affected the administration of his sentence, and at any rate, his revocation judgment was in part based on an escape. Petitioner has not shown that the BOP improperly administered his sentence by assigning any such points for his security classification.

Third, petitioner claims that the BOP improperly denied him transfer to a halfway house and further denied him transfer to a halfway house specifically in Chicago. Respondent has provided evidence that in March 2024 the BOP declined to recommend transfer to a residential reentry center (RRC), based on petitioner's history of problems in prior RRC placements, including escapes; but that in September 2024 a BOP case manager recommended transfer to an RRC in Iowa (in the district of conviction) for petitioner, whose projected release date is May 1, 2025, although that decision is still under review. Petitioner has not shown that the BOP violated the law in making any placement decisions. 18 U.S.C. § 3624(c) requires the BOP "to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of that term (not to exceed 12 months)" under conditions to provide a reasonable opportunity to prepare for reentry in the community, which may include placement in a community correctional facility such as an RRC; but the statute also states that the BOP's authority to place prisoners under Section 3621 is not limited thereby. *See id.* Thus, the BOP is not required to transfer a prisoner to an RRC at any particular time during a sentence. *See id.*; *Lee v. English*, 2019 WL 3891147, at \*9-10 (D. Kan. Aug. 19, 2019) (Lungstrum, J.) (BOP has discretion concerning an inmate's place of confinement; a prisoner does not have a constitutional right to be placed in any particular facility), *aff'd sub nom. Jones v. English*, 817 F. App'x 580 (10th Cir. 2020). Moreover,

4

18 U.S.C. § 3621(b) grants the BOP the authority to designate the place of a prisoner's confinement based on particular factors. *See Garza*, 596 F.3d at 1201-02.  In petitioner's case, the BOP has conducted individualized reviews on two occasions, applying the factors in Section 3621(b), and petitioner has not shown that the BOP's reviews have not comported with the applicable statutes.  In addition, respondent states that the BOP's case manager was not able to recommend placement in Chicago because petitioner does not have a current release address, a fact not disputed by petitioner in his reply brief.

Fourth, petitioner claims that the BOP raised his PATTERN score for his risk of recidivism from low to medium in order to prevent the application of First Step Act (FSA) credits to his sentence.  Under the applicable statute, FSA credits earned by petitioner may not be applied to his sentence for the purpose of transfer to prerelease custody if he has not been determined to be a minimum or low risk to recidivate in has last two assessments.  *See* 18 U.S.C. § 3624(g)(1)(D).  Petitioner has received a medium score in his last two assessments and thus is ineligible for application of the FSA credits.  Petitioner has not explained how or why his scores were incorrect; accordingly, the Court denies this claim, and it denies the petition in its entirety.[1]

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for a writ of habeas corpus is hereby **denied**.

---

[1] The Court grants petitioner's motion to proceed without prepayment of the filing fee, which was supported by a certificate showing that petitioner had less that one dollar in his prison account.

5

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed *in forma pauperis* (Doc. # 6) is hereby **granted**.

IT IS SO ORDERED.

Dated this 29th day of October, 2024, in Kansas City, Kansas.

                                         /s/ John W. Lungstrum  
                                        Hon. John W. Lungstrum  
                                        United States District Judge